UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HAKEAM JABBAR
WISE,

      Plaintiff,

      v.                                  CAUSE NO. 3:26cv346 DRL-SJF

MICHAEL MCALEXANDER, INDIANA
STATE OF,

      Defendants.

## OPINION AND ORDER

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Wise alleges he has been criminally charged and convicted by the Allen County judicial system three times using his incomplete name. Specifically, he was charged and convicted of failing to register as a sex offender under the name "Christopher Hakeam Wise" on September 30, 2020, March 24, 2022, and March 10, 2023. ECF 1 at 2. He insists that his "mother did not name me that" because his full name is

"Christopher Hakeam *Jabbar* Wise." *Id*. (emphasis added). He claims he is currently being "held under that [incomplete] name, waiting to be convicted on a crime they said I committed and a name belonging to someone else other than me." *Id*. at 2–3. Mr. Wise has sued the "State of Indiana/County of Allen" and Michael McAlexander, the Allen County prosecutor, for monetary damages and to "dismiss all charges and to fix my past charges that are not mine." *Id*. at 1, 4.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. But § 1983 has limits on the types of violations it covers and on the people or entities who may be sued. Failing to use a person's full name on a charging instrument, judgment, or other document of conviction isn't a federal constitutional violation. To the extent Mr. Wise is insinuating he has been wrongfully convicted or is currently being wrongfully held, his remedy lies in habeas corpus rather than civil rights litigation. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction); *see also Day v. Watson*, 798 Fed. Appx. 27, 29 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) and noting that "a collateral attack is the exclusive means of contesting ongoing custody pursuant to a conviction that has not been invalidated"). Accordingly, Mr. Wise has failed to state a viable claim under § 1983.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

discretion to deny leave to amend a complaint where the amendment would be futile."

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state a claim.

SO ORDERED.

March 19, 2026                                    *s/ Damon R. Leichty*
                                                  Judge, United States District Court